# William Hood, a Creditor, Appt., *v.* Jacob Weaver, Exr., et al.

On reviewing a decree of the orphans' court, distributing the proceeds of an estate of a decedent,—*Held*, that a claim for damages for breach of decedent's covenant of warranty was properly allowed against the estate.

*Held also*, that a note presented against the estate, in which was a material erasure, of which erasure no explanation was given, was properly disallowed.

*Held also*, that if the vendee does not give notice to the vendor to come in and defend the title, but defends, he cannot recover his counsel fees and his own expenses, unless in case of the absence of the warrantor, or fraud.

(Argued October 8, 1886. Decided October 25, 1886.)

October Term, 1886, No. 186, before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decree of the Orphans' Court of Westmoreland County dismissing appellant's exceptions to the report of an auditor appointed to distribute the proceeds of the estate of John Hood, deceased. Affirmed.

William Hood presented a claim against the estate consisting of a book account of $467.20, a note, dated April 30, 1885, for $254, and a claim of $467.20, for damages, costs, attorney's fees, and expenses, etc., in defending a suit, brought against him by one Joseph Parke, to recover the possession of land conveyed to William Hood by said John Hood, the decedent, by general warranty deed. An auditor was appointed, before whom the following material facts appeared:

In 1880 John Hood was seised of a tract of land which he conveyed by deed of general warranty October 12, 1880, to his son William Hood for $1,598.34. In 1881 Joseph Parke began an action of trespass against William Hood, in which the title was put in issue; and William Hood was unsuccessful and was compelled to pay counsel fees, costs, etc.

John Hood made a will, July 10, 1882, in which he appointed Jacob G. Weaver his executor. He died November 14, 1882,

NOTE.—The same is true where an action of ejectment is brought. Fulweiler v. Baugher, 15 Serg. & R. 45; Groff's Appeal, 3 Pennyp. 245.

and after letters were taken out by Weaver as executor William Hood filed his claim as above as creditor.

The note presented by William Hood as a part of his claim was drawn on a printed blank and showed an erasure after the name of the payee, which was not explained by the appellant unless it was by evidence given at the trial that the note was given by John Hood to William Hood to lift a note which had been given to William Hood as guardian of a minor.

The second report of the auditor was as follows:

"In regard to the claim of William Hood for expenses and costs incurred by him in defending the action of trespass, No. 337, May term, 1881, Parke v. Hood, the weight of testimony shows that Joseph Parke was in possession of the disputed land before suit was brought, and during the pending of the action, and has remained in possession ever since.

"The land in dispute was embraced in the deed from John Hood to his son William Hood. This deed contained a covenant of general warranty. In the above mentioned suit the plaintiff obtained a verdict, which showed that John Hood had sold and conveyed to his son William land which he did not own; and he therefore became liable for damages on his covenant of warranty. The measure of damages would be the consideration of the land thus lost to the vendee. Bender v. Fromberger, 4 Dall. 441, 1 L. ed. 900; Brown v. Dickerson, 12 Pa. 372; Cox v. Henry, 32 Pa. 18.

"The number of acres in the disputed piece of land has been fixed at ten, and the value at an average of $5 per acre. Therefore in the absence of fraud—and none has been alleged—William Hood, the vendee, is entitled to the sum of $50 for damages for his loss.

"In regard to the material erasure of the note, no explanation has been given under the rule of the law. For this reason it has not been allowed.

"The auditor has allowed William Hood, in addition to the price of the lost land, the sum of $252.38 costs of suit in the case of trespass, No. 337, May term, 1881, Joseph Parke v. William Hood.

"The fees paid counsel, to wit: $155 have not been allowed, as it was not shown that William Hood, the vendee, had given John Hood, the vendor, notice to come in and defend the title.

"In Fulweiler v. Baugher, 15 Serg. & R. 45, it was ruled:

If the vendee does not give notice to the vendor to come in and defend the title, but defends, he cannot recover his counsel fees and his own expenses, unless in case of the absence of the warrantor, or fraud. See also Hain v. Martin, 5 Watts, 179; Terry v. Drabenstadt, 68 Pa. 403.

"The testimony shows that John Hood, the vendor, had been a witness in the action of trespass and was present at one term of court, and also that he told Joseph Laycock that he had an attorney employed too. But this, it would seem, was after William Hood had employed counsel."

The exceptions of William Hood to this report were overruled in the court below and he appealed, assigning, *inter alia,* as error the action of the court in disallowing the note of appellant and his claim for counsel fees expended in the case of Parke v. Hood.

*McAfee, Atkinson, & Peoples,* for appellant.—The alteration of the note did not change its legal effect and was not material. Gardinier v. Sisk, 3 Pa. St. 326; Latshaw v. Hiltebeitel, 12 W. N. C. 334; Feig v. Meyers, 102 Pa. 10; Kountz v. Kennedy, 63 Pa. 187, 3 Am. Rep. 541; Robertson v. Hay, 91 Pa. 242; Sharpe v. Bellis, 61 Pa. 69, 100 Am. Dec. 618.

*Marchand & Gaither* for Weaver, appellee.

*Laird & Keenan* for Mrs. Bruner, a legatee, appellee.

PER CURIAM:

An examination of this case convinces us that the auditor and court below did substantial justice to the contending parties, and we discover no such material error in the case as would justify us in reversing it.

The decree is affirmed, at the costs of the appellant.